# IN THE UNITED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **Jennifer McWhorter**, *Individually and as Executrix of the Estate of* Blanche Johnson, *Deceased,*<br><br>Plaintiff,<br><br>v.<br><br>**Arbor Terrace at Cascade, LLC, The Arbor Barrington Company, LLC** d/b/a The Arbor Company, **The Arbor CP, LLC, The Arbor Holding Company, LLC, Arbor Management Services, LLC, John Doe No. 1**, and **Audrienne Stevens**,<br><br>Defendants. | CAFN**:** 1:20-cv-02328-WMR |

## **PLAINTIFF JENNIFER MCWHORTER AMENDMENT TO THE JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

COMES NOW, Jennifer McWhorter, Plaintiff in the above-styled civil action and amends The Joint Preliminary Report and Discovery Plan to attach Plaintiff's Jurisdictional Statement explaining Plaintiff's objection to this court's Jurisdiction, which was inadvertently omitted from the original filing.

This 24th day of August, 2020

*/s/ Keith L. Lindsay*
Keith L. Lindsay
Georgia Bar No. 452995
Roderick E. Edmond
Georgia Bar No.: 239618
William J. Atkins
Georgia Bar No.: 027060

**EDMOND LINDSAY & ATKINS**, **LLP**
344 Woodward Avenue SE
Atlanta, GA 30312
Tel: (404) 525-1080
klindsay@edmondfirm.com
drrod4u@edmondfirm.com
batkins@edmondfirm.com

Plaintiff's Statement Regarding Subject Matter Jurisdiction

Plaintiff contends that this case was improperly removed to Federal court as the Court lacks subject matter jurisdiction over Plaintiffs' premises liability claim under Georgia law. Defendants' basis sole jurisdictional basis for removal is that the case presents a federal question, namely, whether the Public Readiness and Emergency Preparedness Act (PREPA) preempts Plaintiffs' state law claim and affords an exclusive remedy for the wrongful death of Earnestine Mann. *See* Notice of Removal, Doc. 1, p. 4-5, ¶¶ 8 & 9.

Defendants mischaracterize Plaintiff's state law claims to bring them within PREPA's scope.  PREPA does not preempt Plaintiff's state law claims for two reasons. First, Plaintiff's claims do not arise from the Defendants' "administration to" or "use of" a covered countermeasure. Rather, Plaintiff's theory of liability is that the Defendants' failure to implement and enforce necessary precautions caused the rapid spread of Covid 19 within their facility and, as a direct and proximate cause of their negligent omissions, the Plaintiff's decedent contracted Covid 19 and died. Second, the "precautions" Defendants' failed to implement and enforce, do not meet the definition of "covered countermeasures" under PREPA.

## CERTIFICATE OF SERVICE AND TYPE

I hereby certify that this pleading has been prepared using Times New Roman 14pt and further certify that I have this date served a copy of the within and foregoing **PLAINTIFF JENNIFER MCWHORTER'S AMENDMENT TO THE JOINT PRELIMINARY REPORT AND DISCOVERY PLAN,** upon counsel for all parties by filing this document with the Court's CM/ECF process as follows:

John E. Hall, Jr., Esquire
T. Andrew Graham, Esquire
Teresa Pike Tomlinson, Esquire
**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30303
jhall@hallboothsmith.com
agraham@hallboothsmith.com
ttomlison@hallboothsmith.com

This 24th day of August, 2020.

/s/ *Keith L. Lindsay*
Keith L. Lindsay
Georgia Bar No. 452995
Roderick E. Edmond
Georgia Bar No.: 239618
William J. Atkins
Georgia Bar No.: 027060

**EDMOND LINDSAY & ATKINS, LLP**
344 Woodward Avenue SE
Atlanta, GA 30312
Tel: (404) 525-1080
klindsay@edmondfirm.com
drrod4u@edmondfirm.com
batkins@edmondfirm.com